O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MOSTAJO, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, a Registered Foreign Corporation; JENNIFER PROULX, an individual; RAYMOND BALTAZAR, an individual, SUSAN LOFTUS, an individual; OLGA QUALE, an individual, <br><br> Defendants. | Case No. CV 09-08947 DDP (FFMx) <br><br> **ORDER TO SHOW CAUSE REGARDING AMOUNT IN CONTROVERSY** |

It is not clear to the Court that the amount in controversy in this matter exceeds $75,000, as is required to establish diversity jurisdiction under 28 U.S.C. § 1332.

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," and a defendant removes to federal court on the basis of diversity jurisdiction, courts in this circuit apply a "preponderance of the evidence" standard. Guglielmo v. McKee Foods

Corp., 506 F.3d 696, 699 (9th Cir. 2007).  The standard is applied as follows, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Accordingly, the Court orders the parties to file supplemental briefing, not to exceed eight (8) pages, within ten (10) days of the date of this Order, to show cause why this case should not be remanded to state court for failure to establish subject matter jurisdiction.  If a party does not file a brief, the Court will regard that party as consenting to remand.

IT IS SO ORDERED.

Dated: February 11, 2010

DEAN D. PREGERSON
United States District Judge

2